**FILED**

JUN 3 0 2008

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN DOUGLAS BRITTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. **08 1128** |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court upon consideration of Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff states that he has been confined since October 10, 1007. Compl. ¶ 3. He further states that he was convicted in and sentenced by the Superior Court of the District of Columbia in March 2008. *Id.* Pursuant to the terms of a plea bargain, the court imposed a sentence of "six months and 90 days concurrent on the J&C order for service in jail." *Id.* According to plaintiff he currently is detained illegally because "he should have been released on April 7, 2008." *Id.* Plaintiff alleges that his current detention violates his rights protected by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, *see id.* ¶ 2, and he demands compensatory and punitive damages. *Id.* ¶¶ 5-6.

Plaintiff's claim for damages in this civil rights action challenging the fact or duration of confinement must fail. Plaintiff must first establish that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a

state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff has not satisfied the prerequisite and therefore fails to state a claim.[1]

The Court will dismiss the complaint without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

DATE: 6/19/08

_____
United States District Judge

---

[1] Insofar as plaintiff demands his immediate release from custody, the proper means to do so is by filing a petition for writ of habeas corpus in the district where he currently is incarcerated. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).